IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| MICHAEL DORRIAN, #230326 § | |
| § | |
| VS. § | CIVIL ACTION NO. G-05-272 |
| § | |
| CORRECTIONAL MEDICAL SERVICES § | |

**OPINION AND ORDER**

On or about May 13, 2005, Michael Dorrian filed a "Petition for Writ of Habeas Corpus Challenging Conditions of Confinement." The Petition did not name a Respondent. On May 17, 2005, the Magistrate Judge reviewed the Petition and determined that Dorrian's concerns alleged his denial and/or lack of proper medical care during his confinement at the Galveston County Jail. The Magistrate Judge then determined that redesignation of this case to a Complaint for Violation of Civil Rights Pursuant to 42 U.S.C. §1983 was appropriate. Plaintiff was Ordered to submit to the Court, a signed Amended Complaint no later than May 31, 2005 naming as Defendants the individuals who harmed him. The Order specifically provided that "failure to amend the Complaint as directed within the time period provided may result in the dismissal of this action." To date, this Court has not received Plaintiff's signed Amended Complaint form as previously ordered. However, on May 23, 2005, Plaintiff filed his "Objections to Report and Recommendation (sic) of the Magistrate Judge" which states "Plaintiff hereby objects, and expressly requests Judge Kent to disregard said Report and Recommendation(s) and to decide on the merits of Plaintiff's Petition."

In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the United States Supreme Court distinguished a §1983 cause of action from a federal habeas petition: a prisoner seeking damages

or injunctive relief for conditions of his confinement which deprived him of his constitutional rights, for example his right to adequate medical care, may bring suit under §1983, while a prisoner challenging "the fact or length of his custody" must pursue his claim through a writ of habeas corpus. Id. 500   Dorrian is clearly complaining of the inadequacy of the medical care he is receiving and has received while in jail; he is not seeking release from custody.  Therefore, the sympathetic decision of the Magistrate Judge to recharacterize Dorrian's Petition as a §1983 Complaint was clearly for Dorrian's benefit.  Nevertheless, if Dorrian insists on pursuing unavailable habeas relief for his claims, the Court will oblige him.

It is, therefore, **ORDERED** that the Order of the Magistrate Judge dated May 17, 2005, (Instrument no. 5), redesignating this cause as a §1983 Complaint is **VACATED**.

It is further **ORDERED** that because Dorrian is not seeking any relief available through a  Petition for Writ of habeas corpus, his "Original Petition for Writ of Habeas Corpus Challenging Conditions of Confinement" is **DISMISSED, with prejudice, for failing to state a claim upon which relief can be granted**.

**DONE** at Galveston, Texas, this 13th day of June, 2005.

Samuel B. Kent
United States District Judge